KRISTINE M. BALDWIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JOSEPH G. BALDWIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baldwin v. Commissioner
Docket Nos. 1654-85, 4408-85.
United States Tax Court
T.C. Memo 1986-342; 1986 Tax Ct. Memo LEXIS 266; 52 T.C.M. (CCH) 22; T.C.M. (RIA) 86342; August 4, 1986. Joseph D. Naylor, for the petitioner Kristine M. Baldwin. Anthony F. Mercurio, for the petitioner Joseph G. Baldwin. William G. Bissell, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: In separate notices of deficiency, respondent determined that each petitioner in these consolidated proceedings is liable for income tax deficiencies and additions to tax under section 6651(a)(1) [1] as follows: Year
Deficiency
Sec. 6651(a)(1) Addition to Tax
1976
$2,300.00
$254.00
1977
$2,036.00
$187.50
1978
$3,470.00
$447.13
*268 These deficiencies were computed by allocating 50 percent of the couple's community income to each spouse.In his answer in the case of Kristine M. Baldwin (docket No. 1654-85), respondent claims increased deficiencies and additions to tax as follows: Year
Deficiency
Sec. 6651(a)(1) Addition to Tax
1976
$2,774.00
$372.50
1978
$5,673.18
$897.84
In an amendment to answer in the case of Joseph G. Baldwin (docket No. 4408-85), respondent claims the following increased deficiencies and additions to tax: Year
Deficiency
Sec. 6651(a)(1) Addition to Tax
1976
$4,831.00
$ 889.25
1977
$5,132.00
$1,029.50
1978
$5,986.94
$1,176.60
The claims for additional deficiencies in the answer in the Kristine M. Baldwin case [2] and in the amended answer in the Joseph G. Baldwin case are alternative claim reflecting the additional deficiencies that would be due from each petitioner if the other petitioner is relieved of tax one one-half of the community income under section 66(c). The issues to be decided are as follows: 1. Whether each petitioner is liable for income taxes on one-half of the couple's community income for 1976, 1977, *269 and 1978, or whether, under section 66(c), petitioner Kristine M. Baldwin is relieved of liability for tax on her community one-half of the income petitioner Joseph G. Baldwin earned in those years; and 2. Whether each petitioner is liable for additions to tax under section 6651(a)(1) for 1976, 1977, and 1978. FINDINGS OF FACT At the time the petitions were filed, both petitioners were legal residents of Texas. During 1976, 1977, and 1978, petitioners were married, had three children living with them, and resident in Texas. They were divorced on February 12, 1981. During 1976, 1977, and 1978, petitioner Joseph G. Baldwin (Joseph) was employed by the University of Houston (the university) and received a salary from which income taxes were withheld as follows: Year
Salary
Income Tax Withheld
1976
$23,474.35
$2,558.22
1977
$23,875.70
$2,572.32
1978
$24,061.94
$2,562.85
*270 Joseph filed Federal income tax returns for 1976 and 1977 on or after May 12, 1983, and for 1976 on or after January 12, 1983. Although these income tax returns showed that they were filed as joint returns, petitioner Kristine Baldwin (Kristine) did not sign the returns or participate in any way in their preparation. At all times pertinent to this case, Kristine was a resident alien. During 1976 and 1978, she received income for services to the German School for Children, the Berlitz School of Languages, and Inlinqua Schools of Language, and taxes were withheld from her salaries as follows: Year
Income
Income Tax Withheld
1976
$2,216.00
1978
$8,687.21
$800.20
Kristine has not filed income tax returns for 1976, 1977, or 1978. Kristine knew during 1976, 1977, and 1978 that Joseph was working as a professor and was receiving a salary from the university. She had filed joint returns with him for 1963 through 1975 and knew that his salary was approximately the same in each of the years 1976 through 1978 as it had been in the earlier years. Kristine received financial benefits from Joseph's income during each of the years at issue. Joseph knew *271 that Kristine was working and receiving income from her employers during those same years. Respondent determined the deficiencies here in controversy by including one-half of the couple's total community income in each petitioner's gross income. The parties, including respondent, have agreed that three dependency exemptions for 1976 and 1977 and two dependency exemptions for 1978 will be allowed to Kristine and one dependency exemption for 1978 will be allowed to Joseph. OPINION Under Texas law, all wages and salaries earned by the husband or wife during their marriage is community income. Tex. Fam. Code Ann. sec. 5.01(b) (Vernon 1975). As a general rule, one-half of the community income is taxable to each spouse. See United States v. Mitchell,403 U.S. 909 (1971); Hopkins v. Bacon,282 U.S. 122 (1930). Section 66(c) relieves a spouse of liability for income taxes on community income, however, if four conditions are met as follows: (c) Spouse Relieved of Liability in Certain Other Cases. -- Under regulations prescribed by the Secretary, [3] if -- (1) an individual does not file a joint return for any taxable year, (2) such individual *272 does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse, (3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income, then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not the gross income of the individual). Kristine contends that section 66(c) relieves her of liability for taxes on her community share of Joseph's salary from the university. The parties agree that Kristine meets the requirements of section 66(c)(1) and (2). Joseph contends, however, that Kristine fails to meet the requirements of section 66(c)(3) and (4) and that she is not, therefore, entitled to relief under that section. In his opening statement, counsel for respondent indicated *273 that the Commissioner's only concern was that all of the community should be taxed and that he took no position as to the merits of the parties' respective contentions. Respondent's brief analyzing the evidence presented at the trial, however, supports Joseph's position, and we agree. We hold that Kristine is not entitled to section 66(c) relief. To qualify for relief under section 66(c), all four requirements of the section must be met. Kristine has not shown that she meets the last two requirements, section 66(c)(3) and (4). She has not established that she did not know of Joseph's salary from the university, the only "item of community income" (sec. 66(c)(3)) in dispute. The evidence shows that she and Joseph filed joint income tax returns from the date of their marriage in 1963 through 1976 on which his salary for those years was disclosed. She also amditted that she knew he taught at the university and received a salary during the years in controversy. Apart from relatively small amounts of earnings from her own part-time employment, the family, consisting of petitioners and their three children, had no other source of livelihood.No reasonable view of the evidence before *274 us would support a finding that Kristine did not know, or that she had no reason to know, of Joseph's university salary. Nor has Kristine shown that it would be inequitable to include her community share of Joseph's salary in her gross income within the meaning of section 66(c)(4). From Joseph's salary of approximately $24,000 per year had to come his support and that of Kristine and their three children. They lived in a house with 3,000 square feet of floor space and with a large swimming pool. They had two automobiles, one of which was driven mainly by Kristine. Joseph usually gave Kristine $150 to $200 per month from which she covered her personal and some of the family expenses. From the remainder, he made payments on the house, paid the utility bills, and covered other family expenses. Kristine "participated in the decision making of the expenditures" and in repeated efforts to work out a family budget. The family bills often exceeded the available funds but Joseph denied that he withheld any of his salary from his family, and we accept his testimony. Kristine complains that she was often on "the edge of poverty." From the evidence before us, it is apparent that Kristine *275 did not live as well as she would have liked but it is equally apparent that she and the children shared with Joseph on an equitable basis all of the income that was available. In Joseph's words, "we never had enough money to do what had to be done, and so it was just a constant catch-up. I don't think our life was much different than that of any other faculty member." Given the Texas law on community income and the established principles on the taxation of such income, referred to above, the evidence does not show that it is inequitable to include one-half of Joseph's salary in Kristine's gross income for 1976, 1977, and 1978. [4]
It is true, as Kristine argues, section 66(c) was adopted as part of the Deficit Reduction Act of 1984 (Pub. L. 98-369) to liberalize the provisions on the tax treatment of the community income of innocent spouses. Prior to the adoption of section *276 66(c), such relief was limited generally to abandoned wives. Section 66(c) is not so limited but all four requirements of the section must be met in order to qualify for the relief. See General Explanation of the Revenue Provisions of the Deficit Reduction Act of 1984, prepared by the Staff of the Joint Committee on Taxation, 720-722 (J. Comm. Print 1984). As we have discussed, Kristine does not meet two of those requirements and is not, therefore, relieved of tax on her community share of Joseph's earnings. Contrary to Kristine's argument, the applicability of section 66(c) does not turn on whether the spouses had a joint bank account, on delinquencies in the payment of household bills, or on the adequacy of the bedding provided for the children. There remains only the issue as to whether petitioners are liable for the section 6651(a)(1) additions to tax. That section provides for the imposition of an addition to tax unless the taxpayer shows his or her failure to file a timely return was due to reasonable cause and not willful neglect. Joseph's returns for 1976, 1977, and 1978 were not timely filed, and he does not argue that he is not liable for the addition to tax. Kristine *277 argues that she is not liable for the section 6651(a)(1) additions to tax because she "was an innocent spouse, under duress, unable to file a return for herself, believing her husband was properly handling the family tax matters, an alien in a strange land with no knowledge of the law and no access to the required records." While the issue is a close one, we hold that Kristine is not liable for the addition to tax for 1976 and 1977 but is liable for 1978. As to 1976 and 1977, Kristine came to the United States from Germany in 1963 when they were married. At the time of the trial, Kristine had not become a United States citizen, and there is no suggestion that she had any knowledge of the Texas community property laws or the income tax laws. Although she was aware of the general level of the family's income, Joseph "mainly managed the funds," kept the family income and expense records, and prepared the tax returns for 1963 through 1975. She left the tax matters as well as most other business matters to Joseph. He described this period in their marriage as a "turbulent" one. Although we do not agree with Kristine's assertion that she was under duress, we think that, for 1976 and *278 1977 when she had a minimal amount of income, she has shown reasonable cause for failure to file a return. As to 1978, Kristine had earnings of her own of $8,687.21 from which taxes of over $800 were withheld. Wholly apart from the Texas community property laws, we think the receipt of these earnings and the withheld tax were sufficient to alert her to her obligation to file a return for 1978. She has not shown reasonable cause for her failure to file a return for that year. To reflect the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. ↩
2. Notwithstanding the answer in the Kristine Baldwin case, petitioner Joseph G. Baldwin offered no evidence to show, and does not contend on brief, that he is relieved of income tax on his community share of his salary or Kristine's earnings during the years in issue.↩
3. The regulations have not yet been prescribed under sec. 66(c).↩
4. Our conclusion that Kristine is not entitled to sec. 66(c) relief is consistent with the holdings of this Court in Bozek v. Commissioner,T.C. Memo. 1986-37; Sanders v. Commissioner,T.C. Memo. 1986-26; and Rimple v. Commissioner,T.C. Memo. 1985-245↩.