DOROTHY D. McGEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McGee v. Commissioner
Docket No. 17644-89
United States Tax Court
T.C. Memo 1991-510; 1991 Tax Ct. Memo LEXIS 559; 62 T.C.M. (CCH) 976; T.C.M. (RIA) 91510; October 9, 1991, Filed *559 Decision will be entered for the respondent. R issued a notice of deficiency to P determining deficiencies in and additions to P's Federal income tax for the taxable years 1982 and 1983 after P failed to file tax returns for those years. P asserts that she is not liable for the deficiencies because she is an "innocent spouse" under I.R.C. sec. 66(c). Further, P asserts that she is not liable for additions to tax because she reasonably relied on her husband and an accountant to properly report community income. Held, P is not an innocent spouse as defined in I.R.C. sec. 66(c) and is liable for the deficiencies in issue. Held further, P is liable for the additions to tax as set forth in the notice of deficiency. John A. Townsend, for the petitioner. H. Elizabeth Downs, for the respondent. NIMS, Chief Judge. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to tax -- Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
1982
$ 16,733
$ 4,183
$ 837
*
--
1983
12,260
1,716
613
*
$ 338
*560 (Section references are to the Internal Revenue Code as amended and in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.) The issues for decision are: (1) Whether petitioner qualifies for relief from Federal income tax upon community income under section 66(c); (2) whether petitioner is liable for the additions to tax under section 6651(a)(1) for failing to file returns for 1982 and 1983; (3) whether petitioner is liable for the additions to tax for negligence under section 6653(a)(1) and (2) for 1982 and 1983; and (4) whether petitioner is liable for the addition to tax under section 6654 for underpayment of estimated tax for 1983. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner was a resident of Houston, Texas, at the time she filed her petition. Petitioner is a college graduate and a nurse by training. In 1977, petitioner married Dr. Daniel Tache, a dentist. From the time of her marriage until the birth of her second child in 1981, petitioner worked as a clinical nurse in various health care facilities. In *561 1981, petitioner quit working so that she could remain at home to raise her children. During the years in issue, petitioner was occupied primarily as a housewife and mother. From 1977 through 1980, petitioner and Dr. Tache filed joint Federal income tax returns. During this period, Dr. Tache's dental practice was not well established and produced little income. In 1981, petitioner and Dr. Tache reported net income of only $ 2,206. However, in the years that followed, Dr. Tache's practice became quite profitable. During the years in issue, Dr. Tache gave petitioner approximately $ 3,300 per month to provide for the family's personal expenses, including a mortgage payment, a car payment and utilities. Petitioner and Dr. Tache maintained a joint personal checking account through which petitioner paid the family's personal expenses. Dr. Tache generally did not share financial information concerning his dental practice with petitioner. Nonetheless, petitioner was aware that the books maintained for Dr. Tache's dental practice were not kept in an orderly fashion. At trial, petitioner recalled that she was required to work in her husband's office for several months in 1979 or 1980 *562 after Dr. Tache fired his office manager for failing to pay the firm's bills, including rent, for a substantial period of time. During the years in issue, petitioner relied on her husband and their accountant, Jay Epstein, to make sure that Federal income tax returns were properly completed and timely filed. Petitioner relied on her husband, although she was aware that he frequently procrastinated with respect to the filing of tax returns and related papers. Petitioner felt that her husband was "immature" in this regard. When presented with tax-related documents, petitioner testified that she would sign the documents without reviewing their contents. Petitioner did not file timely Federal income tax returns for the taxable years 1981, 1982 or 1983, either jointly with her husband or separately. Petitioner believed from an early point in the marriage that her husband was involved in extramarital affairs. Petitioner testified that during the years in issue her husband spent many nights away from home and was frequently in the company of his bookkeeper, Kathy Schultz. Dr. Tache frequently took Schultz with him on business trips during the period in question. In June, 1985, petitioner *563 and Dr. Tache were divorced. In October, 1985, petitioner and Dr. Tache filed a joint Federal income tax return, prepared by Epstein for the taxable year 1984, reporting taxable income of $ 102,537. In 1986, petitioner was advised that Federal tax returns were not filed for the years in issue. At that time, Epstein prepared joint returns which were presented to petitioner for her signature. Petitioner declined to sign the joint returns and requested instead that Epstein prepare separate returns. Petitioner testified that she did not want to file joint returns because she did not want to expose herself to several liability for the tax owing. Consistent with petitioner's request, Epstein prepared separate returns for 1982 and 1983. The separate returns purported to reflect petitioner's one-half share of taxable community income. Because petitioner could not immediately verify the income from Dr. Tache's dental practice, she did not execute or file the separate returns. The parties now agree that the amounts provided in the returns as presented to petitioner correctly reflected petitioner's one-half share of community income for the years in issue. Dr. Tache filed separate *564 returns for the taxable years 1982 and 1983 reporting his one-half share of taxable community income. Respondent apparently accepted the returns as filed by Dr. Tache. At the time of trial, petitioner had not filed returns for the years in issue. OPINION During the years in issue, petitioner and her husband resided in Houston, Texas. Under the community property laws of Texas, income earned by one spouse during marriage is treated as community income. Tex. Fam. Code Ann. sec. 5.01(b) (Vernon 1974); Johnson v. Commissioner, 72 T.C. 340, 343 (1979), and cases cited therein. Thus, in reporting income for purposes of Federal income tax, a husband and wife residing in a community property state must either file a joint return reporting all community income or file separate returns in which each spouse reports a one-half share of community income. See United States v. Mitchell, 403 U.S. 190, 196-197, 29 L. Ed. 2d 406, 91 S. Ct. 1763 (1971). There in no dispute in this case that the income earned by Dr. Tache in his dental practice during the years in issue represents community income. Section 66(b)
Petitioner first argues that respondent is at fault in failing to determine *565 a deficiency against Dr. Tache for the tax due on the community income at issue in this case. Although petitioner cites section 66(c) to support this proposition, we presume that petitioner intended to refer to section 66(b), which provides: (b) SECRETARY MAY DISREGARD COMMUNITY PROPERTY LAWS WHERE SPOUSE NOT NOTIFIED OF COMMUNITY INCOME. -- The Secretary may disallow the benefits of any community property law to any taxpayer with respect to any income if such taxpayer acted as if solely entitled to such income and failed to notify the taxpayer's spouse before the due date (including extensions) for filing the return for the taxable year in which the income was derived of the nature and amount of such income.
Petitioner's argument with respect to section 66(b) is misplaced. In short, section 66(b) is only applicable to taxable years beginning after December 31, 1984. See sec. 424(c)(2) of the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 803. Because we are concerned with the taxable years 1982 and 1983, section 66(b) has no bearing on these proceedings. Section 66(c)
In the alternative, petitioner seeks relief under section 66(c), a provision added to the law *566 by section 424(b)(1) of the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 802-803. Section 66(c), effective retroactive to the years in dispute, provides in pertinent part: (c) SPOUSE RELIEVED OF LIABILITY IN CERTAIN OTHER CASES. -- Under regulations prescribed by the Secretary, if -- (1) an individual does not file a joint return for any taxable year, (2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse, (3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income, then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of the individual).
Under section 66(c), all four requirements must be met before relief can be granted. Roberts v. Commissioner, 860 F.2d 1235, 1238 (5th Cir. 1988), *567 affg. a Memorandum Opinion of this Court. The parties have stipulated that the first two prerequisites for relief under section 66(c) are satisfied in this case. Thus, the issues left to be resolved are whether petitioner knew or had reason to know of community income from Dr. Tache's dental practice and whether it is inequitable under the circumstances to include such community income in petitioner's income. Because we conclude that petitioner knew or had reason to know of the community income in question, we need not address the latter issue. The issue regarding petitioner's knowledge is essentially factual. As a preliminary matter, we note that petitioner does not deny knowledge of the source of the community income in question. In other words, petitioner admits that she knew her husband earned income through his dental practice and that the income from his practice represented the family's principal source of support. However, petitioner asserts that by virtue of her status as an "innocent spouse," her knowledge of community income should be limited to $ 52,418 and $ 53,319 for 1982 and 1983, respectively. (Petitioner contends that these figures represent what she believed *568 the community's "net worth" was during the years in issue.) Petitioner argues that cases applying the innocent spouse standard under section 6013 support her position that although a taxpayer/spouse is aware of the source of income, the taxpayer/spouse is not necessarily charged with knowledge of all income from that source. Respondent maintains that because petitioner knew of the source of the community income in question, petitioner is not entitled to relief under section 66(c). Respondent asserts that petitioner is not relieved of liability under section 66(c) merely because she did not have specific knowledge of the precise amounts of community income earned by Dr. Tache during the years in issue. We agree. We recently noted that the standard for determining whether a purported innocent spouse knew or had reason to know of items of community income is not specifically defined in section 66, the regulations or case law. Costa v. Commissioner, T.C. Memo 1990-572. However, after reviewing several opinions in which relief was denied under section 66(c), we observed that the taxpayer claiming innocent spouse relief generally had sufficient experience and *569 understanding of the income-producing activity to be chargeable with knowledge of income from it. In summarizing the proper analysis for applying section 66(c), we stated: Knowledge of "items of community property" is determined with reference to knowledge of a particular income-producing activity and not with respect to knowledge of specific income items (expenditures) listed in the notice of deficiency. * * * [60 T.C.M. (CCH) 1178, 1191, T.C.M. (RIA) 90572, at 2825.]
Consistent with this proposition, we have repeatedly denied relief under section 66(c) in cases where the taxpayer/spouse was aware of the source of community income, but was unaware of the specific amount of his or her spouse's community income. See Roberts v. Commissioner, T.C. Memo 1987-391, affd. 860 F.2d 1235 (5th Cir. 1988); Baldwin v. Commissioner, T.C. Memo 1986-342; Bozek v. Commissioner, T.C. Memo 1986-37; Sanders v. Commissioner, T.C. Memo 1986-26. Thus, contrary to petitioner's position herein, lack of knowledge of the specific amount of community income does not *570 provide a basis for relief under section 66(c). Based on petitioner's testimony in this case, we conclude that petitioner knew or had reason to know of the community income in question. Specifically, petitioner was aware that her husband earned income from his dental practice. Further, despite petitioner's familiarity with her husband's insensitive and puerile behavior, petitioner never questioned him regarding the specific amounts he earned from his dental practice or whether tax returns were being timely filed. Petitioner made no effort to review the tax documents presented to her for signing. Moreover, although petitioner claims to have had limited knowledge of the community income in question, petitioner stated at trial that she could have determined her husband's income for the years at issue through Epstein. On the whole, we are convinced that a reasonable person in petitioner's position would have taken further steps to determine community income during the years in issue. Accordingly, petitioner is not entitled to relief under section 66(c). Section 6651(a)(1)
Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) for the *571 taxable years 1982 and 1983. Section 6651(a)(1) provides for an addition to tax unless the taxpayer shows that his or her failure to file a timely return was due to reasonable cause and not willful neglect. Petitioner argues that her failure to file timely returns for the years in dispute was due to reasonable cause and not due to willful neglect because she reasonably relied on her husband and Epstein to handle all tax matters. We do not agree. From past experience, petitioner was fully aware of her obligation to file Federal income tax returns and likewise was aware of her husband's propensity to procrastinate in this regard. Nevertheless, petitioner admitted that when presented with tax-related documents, she would simply sign the documents without any significant review of their contents. Petitioner's testimony reveals that she effectively ignored her obligation to comply with Federal tax laws requiring the filing of tax returns. It cannot be said that petitioner's reliance on her husband was reasonable. Further, petitioner's reliance on the family accountant to timely file the returns is not sufficient to avoid liability under section 6651(a)(1). United States v. Boyle, 469 U.S. 241, 252, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985). *572 Respondent's determination under section 6651(a)(1) is sustained. Section 6653(a)(1) and (2)
Respondent determined that petitioner is liable for additions to tax under section 6653(a)(1) and (2) for both 1982 and 1983. Section 6653(a)(1) and (2) provides for additions to tax if an underpayment of tax required to be shown on a return is due to negligence. Negligence is the lack of care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). For the reasons stated in sustaining respondent's determination under section 6651(a)(1), we likewise conclude that petitioner is liable for the additions to tax for negligence under section 6653(a)(1) and (2). There simply is no evidence to support petitioner's contention that she acted reasonably under the circumstances or that petitioner made any bona fide effort to attempt to comply with her obligation to report her one-half share of community income. Section 6654
Respondent determined that petitioner is liable for an addition to tax under section 6654 for 1983. Section 6654 provides for an addition to tax for *573 the underpayment of estimated tax. While petitioner testified that she believed that some of the tax documents she had signed were for purposes of filing quarterly estimated tax, petitioner also admitted that she did not carefully review the documents. As it turns out, petitioner did not pay estimated tax. Accordingly, we sustain the addition to tax under section 6654. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
*. 50 percent of the interest due on the deficiency.↩