**Dorothy D. McGEE, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 92–4031.

United States Court of Appeals, Fifth Circuit.

Dec. 15, 1992.

Rehearing Denied Jan. 13, 1993.

---

67

John A. Townsend, Houston, Tex., for petitioner-appellant.

Abraham N.M. Shashy, Jr., Chief Counsel, I.R.S., Charles Bricken, Atty., Gary R. Allen, Chief Asst. Atty. Gen., Appellate Section, Regina S. Moriarty, Kenneth L. Greene, Attys., and Shirley D. Peterson, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before KING, WILLIAMS and SMITH, Circuit Judges.

PER CURIAM:

Dorothy McGee appeals the decision of the tax court, *McGee v. Commissioner*, 62 T.C.M. (CCH) 976 (1991), denying her relief under I.R.C. § 66(c), and finding her liable for additions to tax under I.R.C. §§ 6651(a)(1), 6653(a)(1) & (2), and 6654. Finding that the tax court's findings of fact were not clearly erroneous, we affirm.

## I.

Taxpayer is a college graduate and a nurse by training. In 1977, she married Dr. Daniel Tache, a dentist. From 1977 to 1980, Tache had little income from dentistry[1] and taxpayer worked as a clinical nurse. They filed joint federal income tax returns during this period.

In 1981 and the years that followed, Dr. Tache's practice became quite profitable. Taxpayer quit working so that she could stay at home to raise her children. During 1982 and 1983, Tache provided taxpayer with $3,300 monthly for household expenses. The income from the practice was substantially the sole source of support for the family. Taxpayer knew that Tache's dentistry practice was the source of the family's income during these years.

Tache hired an accountant, Jay Epstein, to prepare and file the family's income tax returns. Taxpayer would sign the prepared tax forms without reviewing their contents. Tache generally did not share financial information concerning his dental practice with taxpayer, but taxpayer was aware that the books maintained for her husband's practice were not kept in an orderly fashion. Epstein would occasionally express concern to taxpayer regarding Tache's less than diligent attitude toward tax management. Although taxpayer knew that Tache was disorganized and frequently procrastinated in handling tax and other financial matters,[2] she relied on him and Epstein to attend to the tax returns. Taxpayer did not know at the time that Tache failed to file federal income tax returns for the taxable years 1981, 1982, and 1983.

Taxpayer believed from an early point in their marriage that Tache was involved in extramarital affairs. During 1982 and 1983, Tache spent many nights away from home. Tache commenced divorce proceedings in May 1984, and the divorce became final in June 1985.[3]

In October 1985, taxpayer and Tache filed a joint federal income tax return for 1984, reflecting a net income from Tache's dentistry practice of $105,490. In 1986, taxpayer was advised that tax returns had not been filed for 1981 through 1983. Epstein prepared joint returns for the years in issue, which were presented to taxpayer for her signature. Taxpayer refused to sign the joint returns, and requested instead that Epstein prepare separate returns. The separate returns for the years in issue reflected taxpayer's one-half share of the taxable community income from Tache's dentistry practice. Because she could not immediately verify the income from Tache's practice, she did not execute or file the separate returns.[4]

In April 1989, the Commissioner sent taxpayer a statutory notice of deficiency proposing deficiencies in federal income tax of $16,733 for 1982 and $12,260 for 1983, together with additions to the tax for failure to file tax returns or pay tax, for negligence or intentional disregard of rules and regulations, and for failure to pay estimated income tax under I.R.C. §§ 6651(a)(1),

---

1. Tache had just formed his own private dental practice in 1978. Not yet being established, it took a few years for his practice to begin generating significant income. From the time of its inception, however, the practice's financial management and record keeping were in disarray. This financial disorganization remained a chronic problem of which taxpayer was aware.

2. Tache's irresponsibility regarding these matters is the reason that taxpayer took over paying the household bills starting in 1979.

3. The divorce decree specifically addressed the payment of any federal income tax liabilities incurred from the beginning of the marriage until January 1985, providing for the payment of up to $30,000 out of the proceeds of the sale of the parties' residence and for Tache to be liable for the remainder.

4. The parties now agree that the amounts provided in these returns correctly reflected taxpayer's one-half share of community income for the years in issue.

6653(a)(1) & (2), and 6654, respectively. Taxpayer petitioned the tax court for a redetermination of the deficiencies, contending that she qualified as an "innocent spouse" under I.R.C. § 66(c)[5] and thus should be relieved from the obligation to pay tax on her community share of the income from Tache's dental practice for 1982 and 1983, as well as any liability for the additions to the tax. At the time of trial, taxpayer still had not filed returns for the years in issue.

The tax court held that taxpayer did not qualify for innocent spouse relief because she did not meet the requirement of I.R.C. § 66(c)(3). *See* note 5, *supra.* The tax court also held that taxpayer did not have reasonable cause for reliance on Tache and Epstein to attend properly to tax matters and was therefore subject to penalties for late filing, negligence, and underpayment of estimated taxes. Taxpayer appeals to this court alleging that the tax court erred in concluding that she failed to satisfy I.R.C. § 66(c)(3). She also contends on appeal that the tax court erred in concluding that she did not have reasonable cause for failing to file timely returns, and that she was negligent in her underpayment of taxes.[6]

## II.

■ In deciding whether to uphold the decision of the tax court regarding both the failure of taxpayer to qualify for innocent spouse relief under I.R.C. § 66(c) and the propriety of the various additions to tax, we must review the findings of the tax court under the clearly erroneous standard.[7] Fed.R.Civ.Pro. 52(a); *see Anderson v. Bessemer City,* 470 U.S. 564, 572, 105 S.Ct. 1504, 1510, 84 L.Ed.2d 518 (1985); *Commissioner v. Duberstein,* 363 U.S. 278, 291, 80 S.Ct. 1190, 1199, 4 L.Ed.2d 1218 (1960); *Roberts v. Commissioner,* 860 F.2d 1235, 1239 (5th Cir.1988); *Sanders v. United States,* 509 F.2d 162, 165–66 (5th Cir.1975). A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Rutter v. Commissioner,* 853 F.2d 1267, 1272 (5th Cir.1988) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948)).

## A. Section 66(c) Relief

■ Taxpayer contends that for purposes of procuring innocent spouse relief, her knowledge of community income should be limited to the amount of income of which she knew or had reason to know through the cash flow that she observed.[8] The tax court, noting that it has repeatedly

---

**5.** This provision states:
Under regulations prescribed by the Secretary, if—
(1) an individual does not file a joint return for any taxable year,
(2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rule contained in section 879(a), would be treated as the income of the other spouse,
(3) the individual establishes that he or she did not know of, and had no reason to know of, such an item of community income in such individual's gross income, and
(4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income,
then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of the individual).

**6.** On appeal, taxpayer concedes liability under I.R.C. § 6654 for failure to pay estimated income tax.

**7.** Taxpayer vigorously asserts that we should review the tax court's denial of innocent spouse relief de novo, characterizing it as an incorrect application of the law. The tax court, however, applied the correct legal standard for determining whether taxpayer knew or had reason to know of the item of community income, *see Sanders v. United States,* 509 F.2d 162, 166–67 (5th Cir.1975), and applied it in a manner consistent with existing case law. Accordingly, de novo review is inappropriate and we proceed under the clearly erroneous standard.

**8.** These amounts are $52,418 for 1982 and $53,319 for 1983. Taxpayer claims that she is an innocent spouse as to the remainder of the community income from Dr. Tache's practice during these years.

denied relief under § 66(c) in cases where the taxpayer/spouse was aware of the source of community income but was unaware only of the specific amount of his or her spouse's community income, found that taxpayer did not qualify for innocent spouse relief because she knew or had reason to know of the community income from Dr. Tache's dental practice. 62 T.C.M. (CCH) at 979. We cannot conclude that this finding is clearly erroneous.

■ The tax court has consistently held that a spouse's unawareness of the exact amount of an item of community income is not determinative of knowledge for purposes of § 66(c); knowledge of an "item of community income" is determined with reference to knowledge of a particular income-producing activity. *McPherson v. Commissioner*, 62 T.C.M. (CCH) 1039, 1042 (1991); *Costa v. Commissioner*, 60 T.C.M. (CCH) 1178, 1191 (1990); *see also Abrams v. Commissioner*, 57 T.C.M. (CCH) 1433, 1435 (1989) (section 66(c)(3) not satisfied because taxpayer knew her husband was an attorney and knew he earned community income during the year in question); *Thatcher v. Commissioner*, 56 T.C.M. (CCH) 707, 710 (1988) (fact that taxpayer was unable to determine specific amount of community income from her husband's business does not satisfy § 66(c)(3)); *Roberts v. Commissioner*, 54 T.C.M. (CCH) 94, 97 (1987) (section 66(c)(3) not satisfied because taxpayer knew her husband was involved in real estate transactions which generated income, though she did not know the exact amount), *aff'd*, 860 F.2d 1235 (5th Cir.1988); *Baldwin v. Commissioner*, 52 T.C.M. (CCH) 22, 24 (1986) (section 66(c)(3) not satisfied because taxpayer knew her husband taught at a university and earned a salary during the years in question). We have affirmed this view when it has presented itself on appeal. *See Roberts*, 860 F.2d at 1239–40 (knowledge of exact amount of compensation from a known income-producing activity not required in order to have knowledge of an item of community income under § 66(c)), *aff'g* 54 T.C.M. (CCH) 94 (1987).

Taxpayer was aware that her husband earned income from his dental practice, although she did not know the exact amount. She was aware of Tache's irresponsible behavior in financial matters, yet never questioned him regarding the amounts he earned from his dental practice or whether tax returns were being timely filed. She made no effort to review tax documents before signing them. Furthermore, taxpayer testified at trial that she could have determined Tache's income for the years at issue by asking Epstein. On the whole, she did not act as a reasonably prudent person with an equal level of knowledge would under the surrounding circumstances with regard to determining the amount of Dr. Tache's income for the years in question. *See Sanders*, 509 F.2d at 166–67; *cf. Erdahl v. Commissioner*, 930 F.2d 585 (8th Cir.1991) (innocent spouse relief is "designed to protect the innocent, not the intentionally ignorant") (quoting *Cohen v. Commissioner*, 54 T.C.M. (CCH) 944, 947 (1987)). Accordingly, we find that the tax court did not commit clear error when it found that taxpayer knew or should have known of the item of community income, and was, therefore, not entitled to relief as an innocent spouse under § 66(c).

### B. Additions to Tax

#### 1. Section 6651(a)(1)

■ The tax court found taxpayer liable for additions to tax under I.R.C. § 6651(a)(1) which imposes a civil penalty for failure to file a timely return, unless it is shown that the failure to file was due to reasonable cause and not due to willful neglect. Taxpayer argued to the tax court that she had reasonable cause to rely on Tache and Epstein, a partner in a national accounting firm, to file tax documents and payments in a timely manner and should therefore not be subject to a penalty for failure to file. The tax court, however, found that taxpayer's failure to file was not due to reasonable cause and sustained the penalty. We cannot find that tax court's conclusion rests on findings of fact that are clearly erroneous.

The record shows that taxpayer knew Tache was "immature" and "irresponsible" in his handling of tax and financial matters, and that Epstein communicated his concern to taxpayer about Tache's failure to comply with taxation-related requirements. Taxpayer was fully aware of her obligation to file federal income tax returns, an obligation which she effectively ignored. Furthermore, failure to timely file a tax return is not excused by reliance on an agent, and such reliance is not a reasonable cause for late filing under § 6651(a)(1). *United States v. Boyle,* 469 U.S. 241, 252, 105 S.Ct. 687, 692, 83 L.Ed.2d 622 (1985). Taxpayer cannot, therefore, rest on the actions of Tache and Epstein, regardless of how reliable or unreliable they are, to comply with this nondelegable duty. Accordingly, we cannot say that the tax court's findings as to reasonable cause constitute clear error. *See Roberts,* 860 F.2d at 1240–42; Internal Revenue Manual (CCH) § 4562.2 (Feb. 25, 1987).

2. Sections 6653(a)(1) & (2)

▪ The tax court likewise sustained the Commissioner's determination that taxpayer is liable for additions to tax under I.R.C. §§ 6653(a)(1) & (2), which provide for additions to tax if an underpayment of tax required to be shown on a return is due to negligence. Taxpayer relies on the same argument that she asserted regarding the imposition of the § 6651(a)(1) penalty—that her failure to file was reasonable and therefore her underpayment was not negligent.

We cannot conclude that the tax court's finding is clear error.[9] Negligence is any failure to reasonably attempt to comply with the tax code, including a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. *Portillo v. Commissioner,* 932 F.2d 1128, 1135 (5th Cir.1991); *Marcello v. Commissioner,* 380 F.2d 499 (5th Cir.1967), *cert. denied,* 389 U.S. 1044, 88 S.Ct. 787, 19 L.Ed.2d 835 (1968). There

is no evidence to support taxpayer's claim that she acted reasonably under the circumstances or that she made any bona fide effort to attempt to comply with her obligation to report her one-half share of community income. As a result, taxpayer failed to meet her burden of proof with regard to this issue. *See Masat v. Commissioner,* 784 F.2d 573, 576–77 (5th Cir. 1986); *Marcello,* 380 F.2d at 506.

### III.

Based on the record before us, we cannot conclude that any of the tax court's disputed findings were clearly erroneous.

AFFIRMED.

---

**9.** Taxpayer does not argue that the tax court's findings are clearly erroneous, but instead takes issue with the tax court's decision to place more emphasis on certain facts and less on others.

This argument does not provide a basis for reversal under the clearly erroneous standard of review.