CAROL JUNE HORNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Horner v. Commissioner
Docket No. 18683-92
United States Tax Court
T.C. Memo 1994-447; 1994 Tax Ct. Memo LEXIS 452; 68 T.C.M. (CCH) 664; September 6, 1994, Filed *452 Decision will be entered under Rule 155. Carol June Horner, pro se. For respondent: Elaine L. Sierra. RAUM
RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined income tax deficiencies and additions to tax in the following amounts for the years listed below: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
1983
$ 19,075
$ 4,769
$ 954 *
1984
21,728
4,147
1,086 *
1986
3,924
694
--
--
Additions to Tax
Sec. Sec. Sec.
Year
6653(a)(1)(A)
6653(a)(1)(B)
6654(a)
1983
--
--
$ 1,167
1984
--
--
963
1986
$ 196 *
121
* 50 percent of the interest due on $ 19,075 in
1983, $ 16,588 in 1984, and $ 2,776 in 1986.
Aside from additions to tax, the only issue remaining for decision is whether petitioner is eligible under section 66(c)[1] for relief from liability for tax attributable to her community interest in income earned by her former husband during 1983 and 1984. The facts have been stipulated. *453 At the time that her petition was filed, petitioner resided in San Ramon, California. She was married to Marlin Horner in 1967, and had two children, one born in 1968 and the other in 1972. The couple lived together continuously until Mr. Horner left the family home in the latter part of 1985. From that time on, they lived apart until they were eventually divorced in 1990. During the time that petitioner resided with her husband, she did not work outside the home. Mr. Horner was the primary source of financial support both for petitioner and for their two children. During the time that petitioner resided with her husband in 1983 and 1984, she knew that he was earning income commensurate with their lifestyle and that he applied such income to cover the expenses of petitioner and her family. Although Mr. Horner controlled the income that he earned during 1983 and 1984, he gave petitioner a portion of his earned income, which she deposited into her own checking account and used primarily for household expenses. Petitioner nevertheless asserts that her former husband did not allow her to see his paychecks and that she was therefore unaware of the amount of his income. Mr. Horner *454 was issued wage statements (Forms W-2) reflecting wage income of $ 108,352 and $ 122,214 for the years 1983 and 1984, respectively. He did not inform petitioner of the amount of his wages during those years, nor did he inform her that he had received wage statements or Forms 1099 for those years. However, petitioner was aware that her husband was employed full-time and that he earned substantial amounts of wage income during 1983 and 1984. Petitioner filed no Federal income tax returns for the calendar years 1983, 1984, or 1986, nor did she make any estimated income tax payments to the IRS for any of those years. She relied on Mr. Horner to report the income that he earned during 1983 and 1984, and claims to have believed that she had no obligation to file tax returns for either of those years or for 1986. Petitioner subsequently received a statutory notice of deficiency in which the Commissioner determined income tax deficiencies for 1983, 1984, and 1986. In the deficiency notice, the Commissioner determined that petitioner was liable for tax on unreported income for 1983, 1984, and 1986, in the respective amounts of $ 54,126, $ 61,666, and $ 20,636. Those amounts were calculated *455 as follows: 1983
1984
1986
Husband's wage income [2]
54,126
61,107
9,157
Wife's wage income
--
429
5,731
Wife's interest income
--
130
--
Husband's compensation
--
--
5,748
Total
54,126
61,666
20,636
Petitioner does not dispute that she is liable for tax on the income she received, indicated above as "Wife's wage income" and "Wife's interest income." However, she contests the Commissioner's determination that she is liable for tax on the income earned by her former husband during 1983, 1984, and 1986. Such amounts, *456 designated above as "Husband's wage income" and "Husband's compensation", respectively, were attributed to petitioner by reason of her one-half community property interest under the laws of the State of California. The parties have stipulated that Mr. Horner did in fact receive wage income as well as nonemployee compensation during 1983, 1984, and 1986; that the income earned by him was community property under applicable California law; that petitioner's community property interest in such income was in the amounts determined in the Commissioner's deficiency notice; and that petitioner failed to report such amounts for 1983, 1984, and 1986. Petitioner contends, however, that she should not be liable for tax on the income earned by her former spouse during 1983, 1984, and 1986, on the ground that she is "entitled to the benefit of I.R.C. section 66 as an 'innocent spouse'." The Commissioner has already conceded that the "requirements of I.R.C. section 66(a) are satisfied with respect to 1986" and that "petitioner is [therefore] not liable for tax on income earned by her former husband during 1986." However, petitioner's right to relief under section 66(c) for 1983 and 1984 remains *457 at issue. All other issues involve the additions to tax determined for the deficiency years. 1. Relief From Liability Under Section 66(c)
Section 66(c) provides: (c) Spouse Relieved of Liability in Certain Other Cases. -- Under regulations prescribed by the Secretary, if -- (1) an individual does not file a joint return for any taxable year, (2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse, (3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income,
then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of the individual). Significantly, the spouses need not have lived together during the year in order for section 66(c) to apply. However, to obtain relief under *458 that provision, a taxpayer must meet each of the four requirements set forth therein. Taylor v. Commissioner, T.C. Memo. 1993-529; Baldwin v. Commissioner, T.C. Memo. 1986-342. The Commissioner concedes that petitioner meets "the requirements of * * * section 66(c)(1) and (c)(2) * * * with respect to 1983 and 1984", but contends that section 66(c) is inapplicable, primarily because petitioner failed to meet the requirement in section 66(c)(3) that she "did not know of, and had no reason to know of," her husband's earnings during 1983 and 1984. The Commissioner also argues that petitioner failed to establish that it would be "inequitable to include * * * [such earnings] in * * * [her] gross income," as required by section 66(c)(4). On each of these points, we hold for the Commissioner. First, petitioner fails the lack of knowledge requirement in section 66(c)(3), because she did in fact know that her husband was employed full-time and earning income commensurate with their lifestyle. It has been held that a taxpayer's knowledge of his or her spouse's income producing activity fails to satisfy section 66(c)(3). Lucia v. Commissioner, T.C. Memo. 1991-77, *459 affd. without published opinion 962 F.2d 14 (9th Cir. 1992); Thatcher v. Commissioner, T.C. Memo. 1988-537; Baldwin v. Commissioner, supra; Bozek v. Commissioner, T.C. Memo. 1986-37; Sanders v. Commissioner, T.C. Memo. 1986-26. And it has been so held even where the taxpayer did not know the amount of earnings resulting from such activities. Thatcher v. Commissioner, supra; Sanders v. Commissioner, supra.
Furthermore, petitioner has also failed to establish that it would be "inequitable" within the meaning of section 66(c)(4) to include her community share of her former husband's 1983 and 1984 earnings in her gross income for those years. The legislative history makes clear that among the factors to be considered is "whether the spouse [who is seeking relief under section 66(c)] benefitted from the untaxed income". H. Rept. 98-432, at 1503 (1984).[3] In the present case, it has been stipulated that the community income at issue was applied to cover expenses *460 of petitioner and her family and that Mr. Horner was petitioner's primary source of financial support. There is, therefore, no question that petitioner benefited within the meaning of section 66(c)(4) from the community income that was earned by her then husband. Baldwin v. Commissioner, supra; Bozek v. Commissioner, supra.
In view of petitioner's failure to qualify for relief under section 66, she is liable for the tax that resulted from her one-half share of community income earned by her then husband during 1983 and 1984. *461 Indeed, in a pre-section 66(c) case we have remarked that "The law requiring petitioner to report as income her share of her husband's earnings is well established and applied even where the result seems inequitable." Beall v. Commissioner, 82 T.C. 70, 73 (1984). And where, as here, the taxpayer "continued to share the fruits of * * * [her spouse's] earnings", there is in any event "no [such] inequity". Id. at 73. 2. Additions to Tax
Section 6651(a)(1)
The Commissioner determined that petitioner was liable for the section 6651(a)(1) addition to tax for 1983, 1984, and 1986 by reason of her failure to file tax returns for each of those years. The statutory addition is equal to 5 percent a month of the unpaid tax, up to a maximum of 25 percent. The addition applies "unless it is shown that such failure [to timely file the return] is due to reasonable cause and not due to willful neglect". Sec. 6651(a)(1). Petitioner has presented no evidence that would establish reasonable cause for her failure to file. Her sole contention is that she relied on her husband to report the income that he earned during 1983 *462 and 1984, and that apparently as a result of such reliance on her husband, she believed she was not obligated to report her share of the community income by filing tax returns for those years. However, it is well established that a taxpayer's duty to file a tax return cannot be delegated to another, and that such reliance on another does not constitute "reasonable cause" within the meaning of section 6651(a). McGee v. Commissioner, 979 F.2d 66, 70-71 (5th Cir. 1992), affg. T.C. Memo. 1991-510; Mitchell v. Commissioner, 51 T.C. 641, 647 (1969), revd. 430 F.2d 1 (5th Cir. 1970), revd. 403 U.S. 190 (1970); Folse v. Commissioner, T.C. Memo. 1973-98. Moreover, petitioner's contention that she relied on her husband to report his earned income is specious. She obviously knew that no joint return signed or authorized by her was filed, which included her one-half of the husband's earned income. And nothing in the record before us even suggests that he reported her one-half as well as his own in a separate return. *463 Indeed, had he reported her one-half in his own return, he could have recovered it through a claim for refund. Petitioner's position in respect of the section 6651(a)(1) additions to tax must be rejected. We sustain the Commissioner except to the extent that the 6651(a)(1) addition for 1986 must be reduced to take into account the Commissioner's concession that petitioner was not subject to tax on income earned by her husband during that year. Section 6653(a)
The Commissioner also determined additions to tax under section 6653(a)(1) and (a)(2) for 1983 and 1984, and under section 6653(a)(1)(A) and (a)(1)(B) for 1986. Under section 6653(a)(1) and (a)(1)(A), [4] if any part of an underpayment is due to negligence or intentional disregard of rules or regulations, then the taxpayer is liable for an addition to tax equal to 5 percent of the underpayment amount. Under section 6653(a)(2) and (a)(1)(B), [5] a taxpayer is charged with interest equal to 50 percent of the amount otherwise payable under section 6601 with respect to the portion of any underpayment that is attributable to negligence. Both additions to tax under section 6653(a) thus result from conduct amounting to negligence *464 or intentional disregard of rules or regulations. The Commissioner's determination that a taxpayer was negligent or otherwise intentionally disregarded rules or regulations in regard to an underpaid tax liability is presumptively correct and the burden is on the taxpayer to show that it is wrong. Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967); Gibbs v. Tomlinson, 362 F.2d 394, 399 (5th Cir. 1966); *465 Estate of Mason v. Commissioner, 64 T.C. 651, 663 (1975), affd. by order 566 F.2d 2 (6th Cir. 1977); Axelrod v. Commissioner, 56 T.C. 248, 258 (1971). As in other contexts, negligence is defined for this purpose as the "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Marcello v. Commissioner, supra at 506; Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has presented no evidence to show that, in relying on her husband to file tax returns for 1983, 1984, and 1986, she exercised due care with respect to the payment of her Federal tax liability for each of those years. Indeed, she has not even addressed the issue. Moreover, in similar cases where a taxpayer relied on a spouse to file joint returns and pay tax on the taxpayer's share of community income, but the spouse failed to do so, the Commissioner's determination of the addition to tax for negligence has been upheld. McGee v. Commissioner, supra; Lucia v. Commissioner, T.C. Memo. 1991-77, *466 affd. without published opinion 962 F.2d 14 (9th Cir. 1992). Accordingly, we sustain all of the Commissioner's additions to tax under section 6653 for each of the years at issue, except to the extent that the additions to tax under section 6653(a)(1)(A) and (B) in 1986 are reduced by reason of the Commissioner's concession that petitioner was not subject to tax on income earned by her former husband during 1986. Section 6654
Finally, the Commissioner determined additions to tax under section 6654 for 1983, 1984, and 1986, based on petitioner's failure to pay estimated income tax for each of those years. Section 6654 "has no provision relating to reasonable cause * * * [or] lack of willful neglect. It is mandatory and extenuating circumstances are irrelevant." Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960); accord Ferenc v. Commissioner, T.C. Memo. 1991-617, affd. without published opinion 9 F.3d 120 (11th Cir. 1993); Stalker v. Commissioner, T.C. Memo. 1981-544. There is no dispute that petitioner failed to pay estimated *467 tax for each of the years at issue. And, as with respect to the other additions to tax, petitioner has not argued against the application of section 6654, save for the blanket assertion in her petition that she "disagrees with all of it [i.e., all of the deficiencies and additions to tax set forth in the notice of deficiency] * * * because I am (and was) an 'innocent spouse'." We sustain the Commissioner's additions to tax under section 6654 for each of the years at issue, except to the extent that the addition for the year 1986 is affected by the Commissioner's concession that petitioner is not liable for tax on income earned by her husband during that year. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The amounts designated "Husband's wage income" represent petitioner's one-half community share of such income. However, there appears to be a comparatively slight discrepancy between the one-half of the stipulated $ 108,352 of the husband's 1983 wage income and the $ 54,126 in the deficiency notice. It seems likely that the stipulated $ 108,352 figure reflects a typographical error for $ 108,252, one-half of which is precisely equal to the $ 54,126 in the deficiency notice.↩
3. The Senate bill did not contain a parallel innocent spouse provision. However, the House bill was ultimately adopted at conference, with minor modifications not relevant here. See H. Conf. Rept. 98-861, at 1119 (1984); 1984-3 C.B. (Vol. 2) at 373. The applicable portion of the bill that emerged from conference was subsequently enacted and codified as section 66(c) of the Internal Revenue Code↩.
4. Sec. 6653 was amended on Oct. 22, 1986, by sec. 1503(a) of the Tax Reform Act of 1986 (TRA), Pub. L. 99-514, 100 Stat. 2742-2743, effective for returns the due date for which is after Dec. 31, 1986. As amended by sec. 1503(a) of TRA, the 5-percent addition to tax for negligence or disregard of rules or regulations was contained in sec. 6653(a)(1)(A)↩.
5. After amendments by TRA, effective for returns the due date for which is after Dec. 31, 1986, the 50-percent interest provision formerly in sec. 6653(a)(2) was moved to sec. 6653(a)(1)(B)↩.