JORGE C. AND ADA GUADRON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Guadron v. Commissioner
Docket No. 22092-93
United States Tax Court
T.C. Memo 1994-553; 1994 Tax Ct. Memo LEXIS 568; 68 T.C.M. (CCH) 1138; 68 Trade Cas. (CCH) P1138; November 1, 1994, Filed *568 Decision will be entered for respondent. Jorge C. and Ada Guadron, pro se. Theresa G. McQueeney, for respondent. RUWE, Judge. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6662(a)
1989
$ 4,873
$ 724
1990
4,462
640
The issues for decision are: (1) Whether petitioners [1] underreported tip income during the taxable years 1989 and 1990; and (2) whether petitioners are liable for the addition to tax for negligence or intentional disregard of rules or regulations under section 6662(a) [2] for the taxable years 1989 and 1990. FINDINGS OF FACT Some of the facts *569 have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Brooklyn, New York, when they filed their petition in this case. Petitioners timely filed their joint Federal income tax returns for the 1989 and 1990 taxable years. Petitioner was a full-time waiter at Les Pleiades Restaurant, Inc. (Les Pleiades), during the taxable years in issue. Les Pleiades was a first-class restaurant. For the 1989 taxable year, Les Pleiades employed six directly tipped waiters; seven indirectly tipped busboys, bartenders, and part-time employees; two captains; and one breakfast waitress. For the 1990 taxable year, Les Pleiades employed six directly tipped waiters; five indirectly tipped busboys, bartenders, and part-time employees; two captains; and one breakfast waitress. Petitioner, a directly tipped waiter, received his compensation in the form of both hourly wages and tips. The directly tipped waiters were required to give 15 percent of their gross tips to indirectly tipped employees. Les Pleiades tallied the amount of tips daily and distributed the tips to all employees the following day in cash. *570 Each week, petitioner received a paycheck stub wherein the date, number of days worked, hourly wages, tips, and withholding credits were listed. The paycheck stubs were prepared by the restaurant's bookkeeper, who relied on the employees to report the amount of tips they received during the week. For the 1989 and 1990 taxable years, petitioner's weekly payroll stubs consistently reported $ 450 in tips. At the end of the year, Les Pleiades included both the hourly wages and the reported tips on petitioner's Form W-2 (Wage and Tax Statement) based on the weekly paycheck stubs. Petitioner reported his tip income on Forms 1040A (U.S. Individual Income Tax Return) in the amounts reflected on his Forms W-2. Also at the end of the year, Les Pleiades filed a Form 8027 (Employer's Annual Information Return of Tip Income and Allocated Tips) with the Internal Revenue Service pursuant to section 6053(c). Mr. Seymour Kraver, the accountant for Les Pleiades, prepared the Forms 8027 for the years 1989 and 1990 from the payroll stubs and the sales journal. The Forms 8027 reflect, among other things, the total charged tips during the years at issue and the total tips (charged and cash) reported *571 by tipped employees to the restaurant. If the tips reported by the tipped employees do not amount to 8 percent of the restaurant's gross receipts, the Form 8027 requires that an allocation of gross receipts be made to bring the figure up to at least 8 percent. Les Pleiades was never required to allocate the tips in this manner, because the declared amounts per the weekly payroll stubs satisfied the 8-percent threshold. For the taxable years 1989 and 1990, the Forms 8027 reflected total charged tips of $ 304,043 and $ 281,831, respectively. These charged tips were 18.6 and 18.3 percent, respectively, of the total charged receipts for those years. However, as reflected in the Forms 8027, the total tips reported (both cash and charged) by the tipped employees for 1989 and 1990 were $ 159,170 and $ 146,485, which amounted to only 9.7 and 9.5 percent, respectively, of the total charged receipts. Petitioner testified that the average tip earned at Les Pleiades was 15 percent for the waiters and 5 percent for the captains, a total of 20 percent of gross receipts. Petitioner did not maintain written records of his tip income for the taxable years in issue. Respondent determined *572 petitioner's tip income according to a mathematical allocation. First, respondent broke down the employees into four categories: Directly tipped waiters, indirectly tipped employees, captains, and miscellaneous employees (i.e., the breakfast waitress). Next, respondent totaled the tips actually reported by each group and calculated what percentage of the total tips reported on the Forms 8027 (i.e., $ 159,170 and $ 146,485) were reported by each group. Respondent then multiplied the percentage for each group by the total charged tips as reported on the Forms 8027 (i.e., $ 304,043 and $ 281,831). The resulting figure was then allocated among the individuals in each group based on the ratio of each employee's hourly wages to the total hourly wages for each group. Respondent neither analyzed nor allocated cash tips for the 1989 and 1990 taxable years. OPINION The first issue for decision is whether petitioners understated tip income for the taxable years 1989 and 1990. Gross income means all income from whatever source derived. Sec. 61(a); Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955). It is well established that tips received by a taxpayer *573 constitute gross income under section 61. Menequzzo v. Commissioner, 43 T.C. 824, 831 (1965); Schroeder v. Commissioner, 40 T.C. 30, 33 (1963); Roberts v. Commissioner, 10 T.C. 581 (1948), affd. 176 F.2d 221 (9th Cir. 1949). Taxpayers are required to maintain sufficient records to enable the Commissioner to determine their correct tax liability. Sec. 6001. In situations, such as the instant case, where taxpayers receive daily income from tips, this necessarily requires the maintenance of accurate and contemporaneous diaries or records of tip income received. Ross v. Commissioner, T.C. Memo. 1989-682, affd. without published opinion 967 F.2d 590 (9th Cir. 1992); sec. 1.6001-1, Income Tax Regs.; sec. 301.6053-4, Proced. & Admin. Regs. Where a taxpayer fails to keep the required books and records, or if the records he or she maintains do not clearly reflect income, then the Commissioner is authorized by section 446 to reconstruct income by a method which in her opinion clearly reflects income. Petzoldt v. Commissioner, 92 T.C. 661, 686-687 (1989); *574 Menequzzo v. Commissioner, supra at 831. The Commissioner has great latitude in adopting a method for reconstructing a taxpayer's income. Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970). It is sufficient that the reconstruction be reasonable in light of all the surrounding facts and circumstances. Schroeder v. Commissioner, supra at 33. In the present case, petitioners maintained no records of the tip income. Respondent reconstructed petitioners' income based on a mathematical allocation. Petitioner argues that respondent's reconstruction was flawed, because she never verified the total tips charged. We note that respondent's reconstruction need not be mathematically precise; it need only be reasonable in light of the surrounding facts and circumstances. Id. We hold that respondent's reconstruction was reasonable in this case. Petitioners bear the burden to overcome the presumption of correctness that attaches to respondent's determinations. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioners simply have not introduced sufficient *575 evidence to meet this burden. Moreover, the fact that total reported tips by Les Pleiades' tipped employees amounted to only 9.7 and 9.5 of total charged tips for the taxable years 1989 and 1990, respectively, and the fact that petitioner reported an even $ 450 in tips per week tend to support respondent's determination. The next issue is whether petitioners are liable for the additions to tax for negligence under section 6662(a) for the taxable years 1989 and 1990. This section imposes an addition to tax equal to 20 percent of the portion of the underpayment that is attributable to negligence or disregard of rules or regulations. Respondent's determination that a taxpayer was negligent is presumptively correct, and the burden is on the taxpayer to show lack of negligence. Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337; Marcello v. Commissioner, 380 F.2d 499, 506-507 (5th Cir. 1967); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Negligence is defined as the lack of due care or the failure to do what a reasonable and ordinarily *576 prudent person would do under the circumstances. McGee v. Commissioner, 979 F.2d 66, 71 (5th Cir. 1992), affg. T.C. Memo. 1991-510; Marcello v. Commissioner, supra at 506; Neely v. Commissioner, 85 T.C. 934, 947 (1985). Section 6001, as well as the regulations under sections 6001 and 6053, requires taxpayers to keep adequate records of their tip income. Failure to do so constitutes negligence. Catalano v. Commissioner, 81 T.C. 8, 17 (1983), affd. without published opinion sub nom. Knoll v. Commissioner, 735 F.2d 1370 (9th Cir. 1984); Schroeder v. Commissioner, 40 T.C. at 34; Ross v. Commissioner, supra.Petitioners have not met their burden of showing lack of negligence. Accordingly, we sustain respondent's determination of the additions to tax for negligence. Decision will be entered for respondent. Footnotes
1. References to petitioner in the singular refer only to petitioner Jorge C. Guadron.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩