T.C. Memo. 1995-503


UNITED STATES TAX COURT


MARY C. McDONALD, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13217-93.                    Filed October 23, 1995.


Roderick L. MacKenzie, for petitioner.

Kathryn K. Vetter, for respondent.


MEMORANDUM OPINION


RUWE, Judge:  Respondent determined a deficiency of $8,913

in petitioner's 1989 Federal income tax.  Respondent further

determined an accuracy-related penalty pursuant to section

6662(a)[1] in the amount of $1,747.

After concessions, the issues for decision are:  (1) Whether

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

petitioner is entitled to a general business credit carryforward for the taxable year 1989; and (2) whether petitioner is liable for the accuracy-related penalty for negligence or disregard of rules or regulations pursuant to section 6662(a)[2] for the taxable year 1989.

Some of the facts and issues have been stipulated and are so found. The stipulation of facts, stipulation of settled issues, and attached exhibits are incorporated herein by this reference.

## Background

At the time petitioner filed her petition in this case, she resided in Sacramento, California.

Petitioner was a partner in several partnerships. Two of these partnerships (H.C. Muddox Co. and Zenith Clay Products Co.) were related. Petitioner no longer holds interests in these partnerships. Petitioner also held an interest in OKAL Foods, a retail sandwich business. Petitioner no longer holds an interest in OKAL Foods, because it has ceased operations.

---

[2]In her notice of deficiency, respondent relied on the following alternative bases to support her imposition of the accuracy-related penalty: (1) Negligence or disregard of rules or regulations, (2) substantial understatement of income tax, and (3) substantial valuation overstatement. See sec. 6662(b). However, on brief, respondent addresses only the first of these bases (i.e., negligence or disregard of rules or regulations). We find that respondent has abandoned the other bases for the accuracy-related penalty and, therefore, address only the negligence issue.

In an attempt to substantiate entitlement to a general business credit (investment tax credit) carryforward to 1989, petitioner provided the following Schedules K-1 (Partner's Share of Income, Credits, Deductions, etc.), which show her as a partner and which reflect the cost of certain property qualifying for the investment tax credit.

| Partnership | Year | Basis in Investment Property | | |
|---|---|---|---|---|
| | | 3-Year | 5-Year | 7-Year |
| H.C. Muddox | 1976 | $1,838.02 | $ 50.05 | $14,713.34 |
| H.C. Muddox | 1977 | -- | -- | 12,930.95 |
| H.C. Muddox | 1978 | -- | 598.79 | 2,249.83 |
| Zenith Clay | 1977 | -- | -- | 381.60 |
| OKAL Foods | 1978 | -- | -- | 10,572.64 |

In addition, petitioner provided copies of her Federal income tax returns for the taxable years 1984 through 1989. Petitioner claimed and carried over general business credits as follows:

| Year | Credit Carried Forward into Current Year | Credit Claimed in Current Year |
|---|---|---|
| 1984 | $ 1,885 | -0- |
| 1985 | 2,585 | $173 |
| 1986 | 2,577 | -0- |
| 1987 | 2,577 | -0- |
| 1988 | [1]1,675 | -0- |
| 1989 | 1,675 | 589 |

[1]This reduction in the general business credit carryforward presumably reflects the 35-percent reduction required by sec. 49(c).

During each of the above years, petitioner did not receive any new investment tax credits.

## Discussion

Pursuant to the stipulation of settled issues, the parties agreed to be bound by the final decision of this Court in McDonald v. Commissioner, docket Nos. 14892-91 and 13119-92, with respect to whether petitioner's filing status for the taxable year 1989 was "single" or "married filing separate". Bill McDonald and petitioner were married in 1948. An interlocutory decree of divorce was granted in 1975 for Bill McDonald and petitioner, and in May 1993, a final decree of divorce was entered nunc pro tunc as of December 1, 1975. On December 12, 1994, this Court issued an opinion wherein we held that the entry of the nunc pro tunc order should not be given effect for Federal tax purposes, and upheld the Commissioner's determination that Mr. McDonald's filing status was married filing separate. McDonald v. Commissioner, T.C. Memo. 1994-607.

Pursuant to the stipulation of settled issues, the parties also agreed to be bound by the final decision of this Court in McDonald v. Commissioner, docket No. 5458-93, with respect to the amount of gain on the sale of certain rental property and the allocation of the gain between petitioner and Denver W. McDonald. Title to the rental property was in the name of Denver W. McDonald, petitioner's son. Petitioner claimed that she had an ownership interest in the property, and she reported a gain from the sale of the property. On August 2, 1995, this Court issued an opinion wherein we held that the entire gain was allocable to Denver W. McDonald. McDonald v. Commissioner, T.C. Memo. 1995-359.

The first issue for decision is whether petitioner is entitled to a general business credit carryforward for the taxable year 1989. Section 38 provides for a credit against tax for the purchase of qualified investment property. Secs. 38(a) and (b)(1), 46(a). "Qualified investment property" is defined to include only property with respect to which depreciation is allowable and which has a useful life of 3 years or more. Secs. 46(c)(1) and (2), 48(a)(1). To the extent that a credit permitted by section 38 is not used in the current taxable year, it may be carried back 3 years and then forward 15 years. Sec. 39(a). Moreover, if the qualified investment property is disposed of, or otherwise ceases to be section 38 property, before the end of the useful life which was taken into account in computing the credit under section 38, the taxpayer must recapture the amount of the unearned credit. This amount is the difference between the credit actually claimed and the credit that would have been claimed if the useful life had been estimated correctly. Sec. 47(a)(1); sec. 1.47-1(a)(1), Income Tax Regs.

Credits are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to the credit. Interstate Transit Lines v. Commissioner, 319 U.S. 590, 593 (1943); Segel v. Commissioner, 89 T.C. 816, 842 (1987). Taxpayers cannot rely on a mere notation of a carryover credit on their tax returns to sustain their burden of proving entitlement to such credit. Sherwood v. Commissioner, T.C. Memo. 1988-544.

A tax return is merely a statement of the taxpayer's claim and does not establish the truth of the matters set forth therein. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974); Halle v. Commissioner, 7 T.C. 245, 250 (1946), affd. 175 F.2d 500 (2d Cir. 1949).

Petitioner did not testify. Petitioner did not provide partnership books and records or invoices to support the purchase of qualified property for which a credit could have been claimed;[3] nor did she provide any evidence to show that the alleged section 38 assets were used in a trade or business long enough to avoid any recapture. Moreover, petitioner did not provide copies of her tax returns for taxable years before 1984, and she did not provide the Court with enough information to determine whether any allowable credits would have otherwise been absorbed in the intervening years. Indeed, the tax returns provided by petitioner reflect several errors in calculating the general business credit carryforward. Petitioner has not met her burden of proving that she is entitled to the claimed credit. Accordingly, we sustain respondent's determination regarding the general business credit carryforward in 1989.

Respondent also determined that petitioner was liable for the accuracy-related penalty pursuant to section 6662(a). Section 6662 imposes an addition to tax equal to 20 percent of

_____

[3]Petitioner offered an undated, unsigned statement regarding the purchase of some equipment in 1969 and 1970. The source of this document is unknown. Respondent objected to this document as hearsay, and we sustain the objection.

the portion of the underpayment that is attributable to negligence or disregard of rules or regulations.  Sec. 6662(a) and (b)(1).  The Commissioner's determination that a taxpayer was negligent is presumptively correct, and the burden is on the taxpayer to show lack of negligence.  Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337; Marcello v. Commissioner, 380 F.2d 499, 506-507 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964) and T.C. Memo. 1964-299; Bixby v. Commissioner, 58 T.C. 757, 791 (1972).

The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code.  Sec. 6662(c).  Negligence has also been defined as the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. McGee v. Commissioner, 979 F.2d 66, 71 (5th Cir. 1992), affg. T.C. Memo. 1991-510; Marcello v. Commissioner, supra at 506; Neely v. Commissioner, 85 T.C. 934, 947 (1985).

Petitioner failed to substantiate her claimed credit. Petitioner did not testify and offered no other evidence to show that she was not negligent.

Petitioner argues that she was not negligent because she relied on a certified public accountant to prepare her return. Indeed, reliance upon the advice of experts may constitute a defense to the addition to tax for negligence.  Jackson v. Commissioner, 86 T.C. 492, 539 (1986), affd. 864 F.2d 1521 (10th Cir. 1989); Industrial Valley Bank & Trust Co. v. Commissioner,

66 T.C. 272, 283 (1976). This is true even where the advice relied upon was erroneous. Brown v. Commissioner, 47 T.C. 399, 410 (1967), affd. 398 F.2d 832 (6th Cir. 1968). However, petitioner did not testify that she relied on her accountant. Moreover, petitioner bears the burden of proving that she at least supplied the accountant with the necessary information and that the incorrect return resulted from the preparer's mistakes. Pessin v. Commissioner, 59 T.C. 473, 489 (1972).

Petitioner's accountant, Mr. Maynard, testified that he would have reviewed the prior returns and any information that was in the file when he first started preparing petitioner's returns in 1984, but he could not recall what information was in petitioner's file. We find that petitioner has not met her burden of showing that she was not negligent. Accordingly, we sustain respondent's determination that petitioner is liable for the accuracy-related penalty pursuant to section 6662(a).

Decision will be entered
under Rule 155.