T.C. Memo. 1996-73

UNITED STATES TAX COURT

ROBERT W. AND JENNIFER J. FRITZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26389-93.          Filed February 21, 1996.

Robert W. and Jennifer J. Fritz, pro sese.

<u>Russell F. Kurdys</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows:

| | | Additions to Tax | | | |
|---|---|---|---|---|---|
| <u>Year</u> | <u>Deficiency</u> | <u>Sec. 6651(a)(1)</u> | <u>Sec. 6653(a)(1)</u> | <u>Sec. 6653(a)(2)</u> | <u>Sec. 6661</u> |
| 1985 | $15,265 | $3,816 | $1,160 | 50 percent of the interest due on $15,265 | $3,816 |

| Year | Deficiency | Additions to Tax | | |
| --- | --- | --- | --- | --- |
| | | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. 6661 |
| 1987 | $5,503 | $275 | 50 percent of the interest due on $5,503 | $1,376 |

The issues for decision are: (1) Whether petitioners are entitled to a deduction of $9,643 in 1987 for car and truck expenses; (2) whether petitioners have proven that they are entitled to a basis in their shares of La-Z-Boy stock sold during 1985 that is in excess of the basis determined by respondent; (3) whether petitioners are liable for an addition to tax under section 6651(a)(1)[1] for delinquent filing of their 1985 Federal income tax return; (4) whether petitioners are liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules or regulations for the taxable years 1985 and 1987; and (5) whether petitioners are liable for an addition to tax for a substantial understatement of income tax under section 6661(a) for the taxable years 1985 and 1987.

## Background

Petitioners resided in Washington, Pennsylvania, at the time the petition was filed.

## Fritz Tree Service

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

During the years in issue, petitioner Robert W. Fritz was the proprietor of Fritz Tree Service, a tree trimming business in Washington, Pennsylvania. Mr. Fritz reported his income and deductions from this business on a Schedule C (Profit or (Loss) From Business or Profession), which he attached to petitioners' Federal income tax returns. Fritz Tree Service operated on the cash method of accounting.[2]

La-Z-Boy Stock

Selma M. Fritz, the mother of petitioner Robert W. Fritz, died on January 15, 1981. Mr. Fritz was the executor of his mother's estate, and he filed a Petition for Probate and Grant of Letters with the Register of Wills in Washington County, Pennsylvania. On January 20, 1981, Selma Fritz' will was admitted to probate, and Letters Testamentary were granted to Mr. Fritz.

At the time of her death, Selma Fritz owned 17,148 shares of La-Z-Boy Chair Co. (La-Z-Boy) stock. These shares were included in Selma Fritz' gross estate as reported on Form 706 (United States Estate Tax Return) and were valued at $10.125 per share, their fair market value on the date of Selma Fritz' death. On July 22, 1982, the IRS issued an Estate Tax Closing Letter in

---

[2]The record contains no other evidence regarding the nature of Mr. Fritz' business. The parties did not offer a stipulation of facts, and Mr. Fritz did not testify at trial.

which the IRS accepted the Form 706 and the valuation of the La-Z-Boy stock contained therein.

Under the terms of Selma Fritz' will, she bequeathed to Mr. Fritz 75 percent of the rest, residue, and remainder of her estate. The remaining 25 percent was bequeathed to petitioners' son, Timothy R. Fritz. Included within the residue of Selma Fritz' estate were her shares of La-Z-Boy stock. Upon receipt of this stock, Mr. Fritz and Timothy Fritz placed the shares in a stock account at the investment firm of A.G. Edwards & Sons, Inc. (A.G. Edwards), in the names of Robert W. Fritz, Jennifer Joan Fritz, and Timothy R. Fritz. In 1985, petitioners and Timothy Fritz sold 5,406 shares of La-Z-Boy stock for $225,373.

## Discussion

## Car and Truck Expenses

On Schedule C of their 1987 Federal income tax return, petitioners claimed a deduction in the amount of $21,364 for car and truck expenses, which they argue represent expenses incurred by Mr. Fritz in carrying on his tree trimming business. In the notice of deficiency, respondent allowed only $11,721 of the deduction, because petitioners failed to establish that all the expenses claimed were paid and that they constituted ordinary and necessary business expenses. Respondent's determination is presumed correct, and petitioners bear the burden of proving

otherwise.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Taxpayers must substantiate the amount of any deductions claimed.  <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  In addition, they must prove that these expenses are ordinary and necessary business expenses.  Sec. 162(a).  Expenditures must be "directly connected with or pertaining to the taxpayer's trade or business".  Sec. 1.162-1(a), Income Tax Regs.  Our review of the record indicates that petitioners have failed to substantiate a deduction in an amount in excess of that already allowed by respondent.

At trial, petitioners introduced the following evidence of their car and truck expenses for 1987.  First, petitioners offered numerous charge slips, many of which are from Carter's Amoco, a gasoline station in Washington, Pennsylvania.  These charge slips total $11,605.15.  Petitioners have failed to prove, however, that many of these charges were ever paid.  Some of the charge slips bear the notation "paid" or "cash".  We find that these charges, which total $4,000.62, have been paid by petitioners.  Petitioners have not established that they are entitled to claim a deduction for the remaining $7,604.53.  See sec. 1.446-1(c)(1)(i), Income Tax Regs.

In addition, petitioners presented carbon copies of two checks totaling $2,453.43.  These checks were drawn on Dollar Bank in Pittsburgh, Pennsylvania, and made payable to Carter's

Amoco.  It is unclear what charges these checks were intended to cover.

Finally, petitioners introduced adding machine "tape totals" that were attached to the charge slips they introduced.  These "tape totals" contain two line items for which no charge slips can be found.  One line item is for $2,113.57.  The only evidence of its payment is a piece of the "tape total" stapled to a series of charges from Carter's Amoco for purchases in April 1987.  On the tape piece is the notation "Paid in full".  The other line item is for $1,192.09.  The only evidence that this amount was paid is a handwritten notation appearing on a January 2, 1987, charge slip from Carter's Amoco stating "Pd in full 1192.09 1-2-87".  The handwriting appears to be different from the handwriting of the person that prepared the charge.

Even including these two line items from the "tape totals" and the carbon copies of the checks from Dollar Bank, petitioners have presented evidence that they paid only $9,759.71 of car and truck expenses for 1987.  This figure falls short of the amount already allowed by respondent.  Petitioners have also failed to prove that these expenses were ordinary and necessary business expenses within the meaning of section 162(a).  Neither the charge slips nor the copies of the checks from Dollar Bank indicate the requisite business purposes for petitioners' expenditures.  See sec. 1.162-1(a), Income Tax Regs.  We therefore sustain respondent's determination.

La-Z-Boy Stock

Petitioners and their son, Timothy Fritz, sold 5,406 shares of La-Z-Boy stock from their A.G. Edwards account in 1985. Respondent determined that the shares sold had been inherited by Mr. Fritz from his mother, Selma Fritz, upon her death.[3] Respondent also determined that the basis of the stock sold was its date of death value of $10.125 per share. Section 1014 generally provides that the basis of property acquired from a decedent is the fair market value of the property at the date of the decedent's death or on the alternate valuation date. Sec. 1014(a). Respondent's determination is presumed correct, and the burden of proof rests with petitioners to show the correct basis in their La-Z-Boy stock. Rule 142(a); Burnet v. Houston, 283 U.S 223, 228 (1931).

Petitioners essentially argue that the basis of the stock sold is not $10.125 per share, because the stock sold is not the same stock that was inherited by Mr. Fritz. However, they have failed to present any credible evidence to convince us that respondent's determination is erroneous. Moreover, we conclude that respondent has correctly determined that the shares sold were those inherited by Mr. Fritz under the terms of his mother's

---

[3]Respondent allocated the gain from the sale of the La-Z-Boy stock one-third each to Robert, Jennifer, and Timothy Fritz.

will.  Under section 1014, the correct basis in these shares is $10.125 per share.  See sec. 1014(a).  Therefore, we sustain respondent's determination.[4]

## Addition to Tax for Failure to File a Timely Return

Petitioners filed a delinquent return for the 1985 taxable year, and respondent determined that they are liable for an addition to tax under section 6651(a)(1).  Petitioners bear the burden of proof on this issue.  Abramo v. Commissioner, 78 T.C. 154, 163 (1982).  Petitioners did not address this issue on brief, nor is there any evidence in the record that would lead us to conclude that petitioners had a reasonable excuse for not filing their 1985 return until April 20, 1987.  See sec. 6651(a)(1).  Thus, we sustain respondent's determination.

---

[4]We note that these stock sales were not reported on petitioners' 1985 return and that Louis R. DePretis, who prepared petitioners' 1985 return, testified that petitioners initially concealed their stock transactions for 1985.  Mr. DePretis testified that "Mr. Fritz had [originally] indicated that there were no stock transactions during these years that were being audited.  I had asked [respondent's revenue agent] Mr. Torri after the meeting if he had evidence to the contrary and he said he did in fact."  Mr. DePretis continued:  "I therefore then got back ahold[sic] of the Fritzes * * *.  Mrs. Fritz or Mr. Fritz handed me a transaction that showed they sold 200 shares of Columbia Gas as being the only transaction for 1985."  Mr. DePretis testified that this sale of 200 shares of Columbia Gas produced a capital gain of $1,200.  Mr. DePretis thought that the Columbia Gas transaction was petitioners' sole transaction for 1985 because petitioners presented to Mr. DePretis a statement dated Dec. 31, 1985; however, it only contained transactions from the month of December.

Additions to Tax for Negligence

Respondent also determined that petitioners are liable for additions to tax under section 6653(a)(1) and (2) for the 1985 taxable year, and under section 6653(a)(1)(A) and (B) for the 1987 taxable year.[5]

This Court has defined negligence as a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. McGee v. Commissioner, 979 F.2d 66, 71 (5th Cir. 1992), affg. T.C. Memo. 1991-510; Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent made numerous adjustments, in addition to those sustained here, to petitioner's income and deductions for 1985 and 1987. Petitioners have not presented any evidence either at trial or on brief to convince us that their omissions from gross income and excess deductions were not the result of negligence. Therefore, we sustain respondent's determination.

Additions to Tax for Substantial Understatement of Income Tax

_____

[5]Sec. 6653 was amended by sec. 1503(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2742, effective for returns the due date of which is after Dec. 31, 1986. As amended, the 5-percent addition to tax for negligence or disregard of rules or regulations and the 50-percent interest provision formerly contained in sec. 6653(a)(1) and (2) are contained in sec. 6653(a)(1)(A) and (B), respectively.

The final issue for decision is whether petitioners are liable for additions to tax for 1985 and 1987 under section 6661. Section 6661(a) provides for an addition to tax equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. <u>Pallottini v. Commissioner</u>, 90 T.C. 498, 503 (1988). An understatement is substantial if it exceeds the greater of $5,000 or 10 percent of the tax required to be shown on the return. Sec. 6661(b)(1)(A). However, the amount of the understatement may be reduced under section 6661(b)(2)(B) for amounts adequately disclosed or supported by substantial authority. Petitioners have not addressed this issue on brief, nor have they presented any evidence that would bring them within the safe harbor provisions of section 6661(b)(2)(B). Accordingly, we sustain respondent's determination.

<u>Decision will be entered for respondent</u>.